IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT H. YOUNG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO.  3-05-CV-0689-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff  Robert H. Young seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*.  For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including insulin dependent juvenile diabetes, diabetic neuropathy, depression, back pain, and injuries to his right knee and hip sustained in an automobile accident.  After his applications for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge.  That hearing was held on January 23, 2003.  At the time of the hearing, plaintiff was 30 years old.  He has a high school equivalency diploma with one year of college and past work experience as a fast food cook, a laborer, and a machine operator.  Plaintiff has not engaged in substantial gainful activity since November 1, 2000.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from insulin-dependent juvenile diabetes, diabetic neuropathy in both feet, mechanical back pain, major depression, polysubstance abuse, and a generalized anxiety/post-traumatic stress disorder that significantly limited his ability to do basic work activities, the judge concluded that the severity of those impairments met the requirements of the applicable listings only when plaintiff was using drugs and alcohol. Without consideration of drug and alcohol abuse, the ALJ determined that the severity of plaintiff's impairments did not meet or equal any impairment listed in the social security regulations. The judge further concluded that plaintiff had the residual functional capacity to perform a limited range of sedentary work, but could not return to his past employment. Relying on the Medical-Vocational guidelines and the testimony of a vocational expert, the ALJ found that plaintiff was capable of working as a food and beverage order clerk, a call-out operator, or a charge account clerk -- jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

Plaintiff challenges the hearing decision on two grounds: (1) the ALJ failed to adequately explain the reasons for rejecting the opinions of his treating psychiatrist and a consultative examiner; and (2) the finding that drug and alcohol abuse was a contributing factor material to his disability is not supported by substantial evidence and is inconsistent with applicable legal standards.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

    1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

    2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

    3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

    4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

>   5.  If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff first contends that the ALJ failed to adequately explain the reasons for rejecting the opinions of his treating psychiatrist, Dr. Shivani Meyer, and a consultative examiner, Dr. Donna J. Gowin. The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

> 1. the physician's length of treatment of the claimant;
> 
> 2. the physician's frequency of examination;
> 
> 3. the nature and extent of the treatment relationship;
> 
> 4. the support of the physician's opinion afforded by the medical evidence of record;
> 
> 5. the consistency of the opinion with the record as a whole; and
> 
> 6. the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently

> specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

1.

The record reflects that Dr. Meyer treated plaintiff for depression from February 2002 through at least August 2003. (Tr. 504-08, 538-41). In a physician's statement dated August 19, 2003, Dr. Meyer confirmed that plaintiff suffered from a major depressive disorder severe enough to prevent him from performing even sedentary work for at least a year. (*Id.* at 542). Four months later, on December 30, 2003, Dr. Meyer rated plaintiff's ability to perform certain work activities as either "fair" or "poor." Such activities include the ability to: (1) deal with work-related stress and maintain attention or concentration; (2) understand, remember, and carry out complex or detailed job instructions; (3) behave in an emotionally stable manner; (4) follow work rules, relate to coworkers, deal with the public, use judgment, and function independently; (5) understand, remember, and carry out simple job instructions; and (6) maintain personal appearance, relate predictably in social situations, and demonstrate reliability. (*Id.* at 543-44).

Plaintiff argues that the ALJ failed to consider the section 1527(d) factors in evaluating Dr. Meyer's opinions and did not explain her reasons for rejecting those opinions. A careful review of the hearing decision reveals that the ALJ did not reject the opinions of this treating source. To the contrary, the judge gave "significant weight" to most of the opinions expressed by Dr. Meyer "since they are well-supported by the objective evidence and are consistent with other medical and non-medical evidence of record." (*Id.* at 30). The only opinion accorded "less weight" was that plaintiff could not perform even sedentary work for at least one year. As the ALJ correctly noted, such an assessment is not a medical opinion and, thus, has no special significance. (*Id.*). *See also* 20 C.F.R.

§ 404.1527(e)(1) (determination of whether claimant meets the statutory definition of disability is reserved to Commissioner); SSR 96-5p, 1996 WL 374183 at *1 (SSA Jul. 2, 1996) (treating source opinions on issues reserved to Commissioner are not entitled to controlling weight or special significance); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (determination that claimant is "unable to work" is a legal conclusion reserved to Commissioner).  No error occurred in this regard.

2.

Plaintiff also was evaluated by Dr. Gowin, a consultative examiner, for depression, alcohol abuse, and chronic back pain.  (*See* Tr. at 182-85).  Dr. Gowin noted that plaintiff suffered from a variety of physical and mental impairments, including "severe" major depressive disorder and post-traumatic stress disorder, and concluded that his prognosis for recovery was "guarded at best." (*Id.* at 184).  In a report dated May 6, 2002, Dr. Gowin wrote:

> [Mr. Young] has a 20 year history of diabetes with poorly controlled sugars.  Juvenile diabetics are at risk for depression and behavioral problems.  He also has severe survivor's guilt after the accidental shooting death of his friend 11 years ago.  He has used alcohol and drugs in the past to self-medicate.  He is currently in therapy, but says that he has never discussed the death of his friend.  He is on antidepressants, but probably needs the Celexa increased and possibly tried on a dual receptor antidepressant.  In addition, he needs his diabetes assessed and any subsequent side effects evaluated and treated.  Until these things are addressed, I doubt that Mr. Young could remain gainfully employed because his medical condition is too unreliable.

(*Id.*).

Plaintiff argues that the ALJ improperly rejected Dr. Gowin's opinions without discussing the section 1527(d) factors.  Although an ALJ is not required to give consulting source opinions controlling weight or special deference, the regulations require the judge to provide "appropriate explanations for accepting or rejecting such opinions."  SSR 96-5p, 1996 WL 374183 at *5.  Here, the ALJ merely recited Dr. Gowin's clinical findings and medical opinions without discussion.  No

explanation was provided for rejecting those opinions in whole or in part. While this omission, standing alone, may not be sufficient to justify a remand, *see Alvarez v. Barnhart*, No. SA-01-CA-0958-FBN, 2002 WL 31466411 at *7-8 (W.D. Tex. Oct. 2, 2002), the court determines that reversal is required on other grounds.

C.

Plaintiff also challenges the finding that drug and alcohol abuse were contributing factors material to his disability. In 1996, Congress passed the Contract with America Advancement Act ("CAAA"), Pub.L. No. 104-121, 110 Stat. 847 (1996), which provides, in pertinent part:

> [A]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

42 U.S.C. § 1382c(a)(3)(J). Under regulations implementing this legislation, the Commissioner must ascertain whether drug or alcohol addiction is "a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). The key factor in making this determination "is whether we would still find you disabled if you stopped using drugs or alcohol." *Id.* § 404.1535(b)(1). If a claimant's remaining limitations would not be disabling, drug addiction or alcoholism is considered to be "a contributing factor material to the determination of disability." *Id.* § 404.1535(b)(2)(i). The claimant bears the burden of proving that his or her remaining limitations are disabling independent of drug or alcohol abuse. *See Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).

The ALJ concluded that plaintiff's drug addiction or alcoholism was material in this case. While recognizing that plaintiff suffered from a variety of medically determinable impairments that met the severity requirements of the applicable listings when he was using drugs or alcohol, the judge concluded that, without consideration of drug abuse or alcoholism, plaintiff was not disabled.

In support of that decision, the judge wrote:

> [T]he claimant's affective disorder, evidenced by sleep disturbances, decreased energy, difficulty concentrating or thinking, and thoughts of suicide; his generalized anxiety with components of post-traumatic stress disorder, evidenced by recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror, and sense of impending doom occurring on the average of at least once a week, and recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress; and alcohol dependence and cocaine abuse results in mild restriction of activity of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and one or two episodes of decompensation.

(Tr. at 33). This finding is flawed in at least three respects. First, the ALJ appears to base her finding on the absence of evidence that plaintiff "has stopped drinking once and for all." (*Id.* at 31-32). That is not the correct legal standard. In order to trigger application of the CAAA regulations, there must be medical evidence of *current* drug or alcohol abuse. *See* 20 C.F.R. § 404.1535(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability."); *Oettinger v. Barnhart*, No. SA-01-CA-0801-OG, 2002 WL 31422308 at *6 (W.D. Tex. Sept. 4, 2002). *Cf. Brown v. Apfel*, 192 F.3d 492, 499 (5th Cir. 1999) (analysis under CAAA regulations is appropriate "assuming that plaintiff is still addicted to drugs and alcohol at the time of the hearing"). Here, there is no evidence, much less substantial evidence, that plaintiff was still addicted to drugs or alcohol at the time of the administrative hearing. In fact, the record suggests just the opposite. At the hearing, plaintiff testified that he had abstained from alcohol for more than nine months and had not used cocaine or any other illegal drug since December 2001. (Tr. at 630).[1] Similar representations were made by plaintiff to Dr. Meyer, who documented his

---

[1] The ALJ appeared to accept this testimony at the hearing, commenting that "I'll order a internal medicine with an MAF *now that the claimant has ceased all drinking*." (Tr. at 669) (emphasis added).

repeated denials of substance abuse in treatment notes throughout 2003. (*See id.* at 538-41). In her report dated May 6, 2002, Dr. Gowin noted only that plaintiff "has used alcohol and drugs *in the past* to self-medicate." (*Id.* at 184) (emphasis added). A diagnosis of past history is insufficient to conclude that plaintiff was an alcoholic or a drug addict at the time of the hearing. *Oettinger*, 2002 WL 31422308 at *6; *see also Brown*, 192 F.3d at 499. Nor may the ALJ rely on her own personal misgivings about plaintiff's ability to remain clean and sober. Absent medical evidence that plaintiff was currently using drugs or alcohol, the CAAA regulations should not have been considered.

Second, the ALJ failed to identify any medical evidence to support her conclusion that plaintiff would not be disabled if he stopped drinking. *Sklenar v. Barnhart*, 195 F.Supp.2d 696, 700 (W.D. Pa. 2002) (citing cases). The only medical evidence of record shows that plaintiff suffers from a major depressive disorder that may have multiple causes, including problems related to his diabetes and lingering guilt over the accidental shooting of his childhood friend. (*See* Tr. at 184). Notably, both Dr. Meyer and Dr. Gowin found plaintiff to be severely depressed *even after he had stopped using drugs and alcohol*. (*See id.* at 184, 538-39, 542). The Commissioner attempts to show that drug and alcohol use were contributing factors material to plaintiff's disability by pointing to evidence that he tried to commit suicide on several occasions while intoxicated, but no longer felt suicidal when he detoxified. (*Id.* at 348-50). However, the fact that plaintiff was not suicidal when sober does not mean his depression was not otherwise disabling. There simply is no medical evidence that plaintiff's depression subsides when he stops using alcohol. Any lay conclusion the ALJ may have drawn from the medical records is insufficient to support her materiality determination. *See Brown*, 192 F.3d at 499 (evidence suggesting that plaintiff's depression may be exacerbated by drugs and alcohol is not sufficient to imply that cessation of drug and alcohol use would abate depression).

Finally, the ALJ fails to explain which of plaintiff's many physical and mental limitations would remain if he stopped using drugs or alcohol. In her decision, the judge identifies the same limitations when drugs and alcohol are considered as when those factors are eliminated from consideration. (*Compare* Tr. at 30-31 & 33). Even if the CAAA regulations were applicable to this case, a remand would be required for further clarification of this issue. *See Sklenar*, 195 F.Supp.2d at 702; *Warren v. Barnhart*, No. Civ. A. 03-3109, 2005 WL 1491012 at *12-13 (E.D. Pa. Jun. 22, 2005).

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

SO ORDERED.

DATED: August 30, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court remands this case, rather than ordering the Commissioner to pay disability and SSI benefits, because the ALJ failed to conduct a proper sequential evaluation analysis. In particular, the judge never determined whether plaintiff was disabled *before* considering the effect of drug and alcohol use. *See McGhee v. Barnhart*, 366 F.Supp.2d 379, 389 (W.D. Va. 2005) (case remanded for further proceedings where the ALJ failed to determine whether plaintiff was disabled prior to finding that alcoholism was a contributing factor material thereto); *Oettinger*, 2002 WL 31422308 *5 (same); *Lunan v. Apfel*, No. 98-CV-1942, 2000 WL 287988 at *8 (N.D. N.Y. 2000) (same). *But cf. Tapp v. Barnhart*, No. C01-3061-MWB, 2002 WL 31295333 at *24-25 (N.D. Iowa May 16, 2002) (reversing and ordering the Commissioner to pay benefits where uncontroverted evidence clearly established that the claimant was entitled to relief).